IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cr-40015-SMY |
| | ) |
| WILLIAM B. LOFTUS, III, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant William B. Loftus, III was sentenced on February 2, 2023 to 60 months' imprisonment for solicitation of child pornography (Docs. 32, 35). He is currently housed at Forrest City Low FCI and his projected release date is June 30, 2027. Now pending before the Court is Loftus' Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 39).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. §

1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Loftus argues that his sentence, which was the mandatory minimum 60-month term of imprisonment authorized by Congress for a violation of 18 U.S.C. § 2252A(a)(3)(B), was above his calculated advisory Guidelines range, and therefore presents an "extraordinary and compelling" reason justifying release. He also asserts that he suffers from PTSD, depression, anxiety, insomnia, and prior suicide attempts, which amount to extraordinary and compelling reasons justifying a reduction in his sentence.

Loftus has not presented extraordinary and compelling reasons justifying his early release. The fact that he was sentenced to a mandatory minimum term does not alone amount to extraordinary and compelling reasons justifying a reduction in sentence. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). There must be some other independent "extraordinary and compelling" reason for a sentence reduction.

While Loftus also claims that he suffers from numerous medical ailments, he fails to demonstrate that his alleged medical conditions substantially diminish his ability to provide self-care within the environment of a prison. *See* U.S.S.G. § 1B1.13(1)(B). A condition that is adequately being treated cannot serve as an extraordinary and compelling reason for sentence reduction. *See United States v. Proctor*, 2022 WL 1261762, at *1 (7th Cir. 2022), and Loftus' medical records establish that he is being treated for insomnia and complaints of night terrors.

Moreover, the § 3553(a) factors weigh in favor of Loftus' continued imprisonment.

Loftus has served only 15 months of his 60-month sentence. Releasing him at this juncture would not be consistent with the seriousness of his offense – the sexual exploitation of approximately 100 minor females. Nor would his early release promote a respect of the law or sufficiently protect the public from further crimes by him. Accordingly, Defendant's Motion for Compassionate Release (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 16, 2024**

**STACI M. YANDLE**
**United States District Judge**